ZACHARIAH KEENE, *vs.* THOS. THOMPSON of BENNET.
*December,* 1832.

K had a judment against B, upon which he sued out a *fi fa.*, and placed it
in the hands of the sheriff, who delivered it to the defendant, his deputy, to
be levied and collected. B paid the defendant the amount of this judg-
ment, and it was entered satisfied. The defendant then made a payment
to K, but it appeared that one of the bank notes thus paid, was a counter-
feit, and that the defendant had not received it from B. HELD, that the
taking upon himself, to pay over to the plaintiff, the amount he had col-
lected, placed the defendant in the attitude of one who had received mo-
ney for another, and that, together with the circumstance of the judgment
being entered satisfied, was evidence tending to show, that he was au-
thorised by the sheriff to pay over the money to the plaintiff, from which
the law raises an implied *assumpsit.* The defendant having received good
money, was responsible for the whole amount.

APPEAL from *Saint Marys* County Court.

*Assumpsit* by the appellant against the appellee, com-
menced 20th August, 1828, for money had and received,
and for money paid, laid out and expended. The general
issue was pleaded.

1. At the trial the plaintiff having proved by the cashier
of the bank, that the note for $100, hereafter referred to,
was a counterfeit, proved by a competent witness, that the
same had been received by him of the defendant, as a pay-
ment of a *fieri facias* for a debt on judgment in *Saint Marys*
County Court, in favor of the present plaintiff, against one
*Gustavus Brown;* for the recovery of which judgment, a
*fieri facias* had issued to (*William Williams,*) the then
sheriff of said county, and placed in his hands, and by him
delivered to the defendant, as his deputy, to be levied and
collected by him, according to the precept therefor. And
also proved, that the judgment was thereafter entered satis-
fied on the docket, as per receipt appears. He also proved
by said *Brown,* that he had not paid to the said defendant
the said hundred dollar note, but had paid him in other, and
good money, and that his debt to *Keene* thus paid, amount-
ed to about $280. He further proved, that some time after

this note was discovered to be a counterfeit note, the plaintiff called on the defendant to give him good money, and take back the said hundred dollar note, to which defendant replied, that he had never paid over to plaintiff that particular note, and that he must get it as he could.

The defendant then prayed the court to instruct the jury, that if they found from the evidence, that the defendant acted as deputy sheriff to *William Williams*, the sheriff, in collecting and paying over said money so due from *Brown*, and that the same was known to the plaintiff, that then the plaintiff is not entiled to recover in the present action; which instruction the court (STEPHEN, Ch. J.,) gave. The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., EARLE, ARCHER, and DORSEY, J.

*Brewer* and *Stonestreet*, for the appellant.

1. An action for money received will lie against the sheriff who has received money in that character, for the use of another, and failed to pay it over. 2 *Saund. P. & Ev.* 213, 263. And a deputy sheriff is equally responsible in the same action upon the general rule, that this action will lie in every case, where one man has received money for the use of another, and withholds it. *Ib.* 209. But the action in fact, is against *Keene* in his individual capacity, and not as the sheriff's deputy; and they contended, that whatever might be said of his responsibility in the latter character, there could be no doubt of his individual liability, under the circumstances of this case.

*V. H. Dorsey*, for the appellee.

It appears from the evidence, that the defendant, in this transaction, acted as the sheriff's deputy, and it follows, therefore, that he is accountable only to his principal, and that the plaintiff's remedy, if he has any, is against that

principal. The deputy acts in the name of his principal, and the latter alone is known to the court. *Woodgate vs. Knatchbull,* 2 *Term Rep.* 156.

Though the deputy may have been guilty of miscon= duct, the sheriff is the proper and only party to be sued. *Cameron vs. Reynolds,* *Cowper,* 406. 1 *Ch. Blk. Com.* 345, (*note.*) *Hammond N. P.* 83, *note* 7. *Lane vs. Sir R. Cot= ton,* 12 *Modern,* 488. *Perkins vs. Smith,* 1 *Wilson,* 328. *Paddock vs. Cameron,* 8 *Cowen,* 212. *Draper vs. Arnold,* 12 *Massa. Rep.* 449. *McIntyre vs. Trumbull,* 7 *Johns. Rep.* 36. *Tuttle vs. Love, Ib.* 470.

BUCHANAN, Ch. J., delivered the opinion of the court.

This cause has been treated in argument, as if it was a suit against a deputy sheriff, as such, for money collected by him, on a *fieri facias* sued out upon a judgment of the plaintiff, and put into his hands by his principal, the sheriff, for the purpose of being levied; and the right of the plain= tiff to recover, resisted, on the ground of a want of privity between a judgment creditor and a deputy sheriff, who has levied the money under an execution upon the judgment, and is responsible to the sheriff, his principal, for the faith= ful discharge of his duty, and not, as it is contended, to the creditor under whose judgment the execution has been levied; which may well be conceded without prejudice to the plaintiff's right to recover in this case.

The suit is not against the defendant as deputy sheriff, founded upon the mere fact of his having collected the mo= ney in dispute, under an execution sued out at the instance of the plaintiff, for which he would be answerable to his principal; and which, therefore, it may be granted, could not be recovered from him, in an action by the judgment credi= tor against him as deputy sheriff, for so much money made under the execution by him, in that character. But it is an action for money had and received, against him in his pri= vate individual capacity. The evidence, it is true, shows that the plaintiff, being a judgment creditor, sued out a *fi. fa.* upon his judgment, which was put into the hands of the

defendant, by his principal the sheriff, and that he levied the amount of the judgment as deputy sheriff; but it is also in proof, that he afterwards took upon himself to pay over to the plaintiff, the amount of the judgment so levied, and that the judgment was entered upon the docket satisfied.

The taking upon himself to pay over to the plaintiff the amount he had collected, placed him in the attitude of one who had received money for the use of another—and that, together with the circumstance of the judgment being entered upon the docket satisfied, is evidence tending to show, that he was authorised by the sheriff to pay over the money to the plaintiff; and that from the time he was so authorised, he held it in his hands for the use of the plaintiff, upon which the law raised an implied *assumpsit;* whereby he became responsible to the plaintiff, in an action for money had and received to his use.

The proof, as it appears in the record, is, that the money which came into the defendant's hands, was the whole of it good money, but that instead of paying over to the plaintiff like good money, which he was bound to do, there was among the money received by the plaintiff, one counterfeit hundred dollar note, which was not at the time known to be so by the plaintiff, but was received by him as a genuine bank note; which counterfeit note received by mistake, being not money, and a thing of no value, the delivery of it was not a payment to the plaintiff, and did not discharge the defendant from his liability to that amount; but if not since paid he is still answerable to the plaintiff for one hundred dollars, being so much remaining unpaid, of the amount that he held in his hands for the plaintiff's use, and which we think he is entitled to recover in this suit.

**JUDGMENT REVERSED AND PROCEDENDO AWARDED.**